**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICHARD B. MARTIN, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 16-0744 (RC) |
| | : | |
| CORE SECURITY SOLUTIONS, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the court on Defendant's Motion to Dismiss With Prejudice, ECF No. 28. For the reasons discussed below, the motion will be granted, but the case will be dismissed without prejudice.

Plaintiff's claims arose from an encounter on September 26, 2013 at a McDonald's restaurant in Washington, D.C. with a special police officer who is or was an employee of defendant Core Security Solutions, Inc. and his arrest by an officer of the Metropolitan Police Department. Plaintiff filed this action on June 15, 2015 in the United States District Court for the District of Massachusetts. The case was transferred to this district on April 20, 2016, and defendant filed its Answer on May 18, 2016.

On May 23, 2016, the court entered an order directing the parties to meet, confer, and submit a joint report in accordance with Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 on or before June 24, 2016. On defendant's motion, the court extended the deadline to July 25, 2016. On that date, defendant filed its own report, explaining that counsel's efforts to contact plaintiff at the mailing address, email address, and telephone number listed on the

original complaint were unsuccessful. On July 26, 2016, the court granted a second extension of time, to August 15, 2016, and directed defendant's counsel to attempt to contact plaintiff at a more recent address provided by plaintiff. The court's order further instructed defendant that, if counsel was unable to communicate with plaintiff after making reasonable efforts to do so, defendant may file a motion under Fed. R. Civ. P. 41 in lieu of a Rule 16.3 report. Defendant filed its motion to dismiss on August 15, 2016.

On August 18, 2016, the court issued an order directing plaintiff to file his opposition or other response to defendant's motion. The order advised plaintiff that, if he failed to file a response by September 8, 2016, the court would treat defendant's motion as conceded and dismiss the case. The Clerk of Court sent a copy of the order to plaintiff at the mailing addresses and email addresses provided by plaintiff. To date, plaintiff neither has filed a response to defendant's motion nor has requested more time to do so.

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion."). The Court also may dismiss a case *sua sponte* because of a plaintiff's failure to comply with court orders designed to ensure orderly prosecution of the case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). "The court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). In determining whether a dismissal is warranted, the court considers "the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether

deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citation omitted).

This action has caused two district courts to expend their resources and has caused defendant to incur attorney fees. Meanwhile, plaintiff has made no effort to communicate with the court and opposing counsel, has failed to respond to the court's orders, and has otherwise failed to prosecute this case. In these circumstances, the court finds that dismissal is warranted, and it will grant defendant's motion. An Order is issued separately.

DATE: September 13, 2016

/s/
RUDOLPH CONTRERAS
United States District Judge